Ex parte Quintín Rosado, peticionario y apelante, y El Pueblo de Puerto Rico, opositor-apelado.

No. 5177.—*Sometido:* Mayo 5, 1930. *Resuelto:* Mayo 20, 1930.

*Luis Mercader,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La Ley del Registro Civil dispone en su artículo 56 que los errores materiales (*immaterial*) que se adviertan en las inscripciones después de firmadas podrán subsanarse por el encargado del registro después de instruir expediente en el que exigirá la prueba que estime oportuna; y en cuanto a los errores que sean esenciales se dice en el artículo 6 de la ley que no podrán hacerse correcciones que alteren substancialmente las inscripciones sino en virtud de una orden de la corte de distrito.

El apelante promovió expediente en la Corte de Distrito de Arecibo para que ordenase la corrección de un asiento del libro de defunciones del Registro Civil de Arecibo a fin de que en lugar de decir que murió Basilio González diga que el fenecido fué Cecilio Rosado. No estimando la corte sufi-

ciente la prueba que le fué presentada negó la orden interesada, contra cuya resolución se ha interpuesto este recurso de apelación.

No todas las resoluciones judiciales son apelables sino aquellas en que la ley concede tal recurso. La Ley de Registro Civil que requiere la tramitación del expediente que motiva el presente recurso no concede apelación contra la resolución que niega la corrección de las inscripciones, por lo que tenemos que determinar si esta apelación está comprendida en el artículo 295 del Código de Enjuiciamiento Civil cuyo primer número concede apelación contra las sentencias definitivas pronunciadas por las cortes de distrito en pleitos o procedimentos especiales.

En este caso no se trata de un pleito sino de un procedimiento especial, pero los procedimientos especiales a que se refiere el código son los que tratan de cuestiones civiles, de carácter verdaderamente judicial. Así, en el caso *Ex parte Montalvo*, resuelto el 31 de marzo último, en el que se apeló de la resolución de una corte de distrito negándose a conceder permiso a una persona para portar armas, después de considerar extensamente la cuestión suscitada ahora y de tener en cuenta el caso de *Luce v. Registrador*, 34 D.P. R. 952 y la opinión disidente en él, así como su resolución en 20 Fed. (2d) 115, dijimos:

"Aquí la Corte actuó es cierto por ministerio de la ley y al negarse a conceder la autorización no hay duda alguna que examinó la solicitud y pesó la prueba ejercitando su criterio judicial, pero no se trata de un procedimiento civil, ex parte o contencioso, de carácter verdaderamente judicial. La Legislatura encomendó a la Corte la concección de la licencia en casos apropiados como pudiera haberlo hecho a un funcionario administrativo, y su actuación aislada, concreta, discrecional, es definitiva."

Ese caso es análogo al presente porque se trata en él de una cuestión administrativa que pudo haberse confiado a un funcionario de esa clase.

*La apelación debe ser desestimada.*